**KATHLEEN N. PEDRO**
California State Bar No. 253883
**CANDIS MITCHELL**
California State Bar No. 242797
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467 (tel); (619) 687-2666 (fax)
Email: Kathleen_Pedro@fd.org

Attorneys for Ms. Vanessa Irene Villaescusa

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   08cr0255-JLS |
| Plaintiff, | DATE: March 7, 2008 |
| | TIME:  1:30 p.m. |
| v. | |
| **VANESSA IRENE VILLAESCUSA,** | STATEMENT OF FACTS AND |
| | MEMORANDUM OF POINTS AND |
| Defendant. | AUTHORITIES IN SUPPORT OF MOTIONS |

**I.**

**BACKGROUND**[1]

On January 17, 2008, Ms. Villaescusa was attempting to enter the United States through the Calexico Port of Entry from Mexico. She allegedly informed the officers that she had nothing to declare, had recently purchased her vehicle, and she was returning to the United States after visiting a friend in Mexico. The primary officer observed what he believed to be signs of nervousness on the part of Ms. Villaescusa and referred her and the car to secondary inspection. While in secondary, the vehicle was inspected and packages

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from Government-produced documents that the defense continues to investigate. Ms. Villaescusa does not admit the accuracy of this information and reserves the right to challenge it at any time.

1  of marijuana totaling 45.32 kg were found concealed within the engine compartment, rear seat area, rear
2  driver's side quarter panel, and rear passenger door.

3      Ms. Villaescusa was arrested and allegedly advised of her constitutional rights per <u>Miranda</u>. She is
4  alleged to have waived her rights and agreed to submit to interrogation by Immigration and Customs
5  Enforcement (ICE) agents without the presence of an attorney. During this interrogation Ms. Villaescusa
6  did not admit knowledge of the marijuana concealed within the car.

7      On January 31, 2008, Ms. Villaescusa was indicted for intentional importation of 45.32 kg of
8  marijuana in violation of 21 U.S.C. § 952 and 960, and for possession with the intent to distribute in
9  violation of 21 U.S.C. § 841(a)(1).

10      These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

13      Ms. Villaescusa moves for the production by the Government of the following discovery. This
14  request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed
15  below that is in the custody, control, care, or knowledge of *any Government agency*. <u>See</u> generally <u>Kyles</u>
16  <u>v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

17      (1) <u>The Defendant's Statements</u>. The Government must disclose to the defendant *all* copies of any
18  written or recorded statements made by the defendant; the substance of any statements made by the
19  defendant that the Government intends to offer in evidence at trial; any response by the defendant to
20  interrogation; the substance of any oral statements which the Government intends to introduce at trial and
21  any written summaries of the defendant's oral statements contained in the handwritten notes of the
22  Government agent; any response to any <u>Miranda</u> warnings that may have been given to the defendant; as
23  well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee
24  Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal *all* the defendant's
25  statements, whether oral or written, regardless of whether the Government intends to make any use of those
26  statements. Additionally, the Government must "disclose *any written record* which contains *reference to*
27  a relevant oral statement by the defendant which was in response to interrogation, without regard to whether

1  the prosecution intends to use the statement at trial." Fed. R. Crim. P. 16 advisory committee notes (1991
2  Amendment) (emphasis added).

3  (2) <u>Arrest Reports, Notes, Dispatch Tapes, and Audio/Video Recordings</u>. The defendant also
4  specifically requests that all arrest reports, notes, and dispatch or any other audio/video recordings that relate
5  to the circumstances surrounding arrest or any questioning, be turned over. This request includes, but is not
6  limited to, any rough notes, records, referral slips, reports, in field communication between officers,
7  transcripts or other documents in which statements of the defendant or any other discoverable material is
8  contained. **Ms. Villaescusa includes in this request any redacted portions of the Report of**
9  **Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written**.
10  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u>
11  <u>also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir.), <u>cert. denied</u>, 393 U.S. 869 (1968); <u>United States v.</u>
12  <u>Johnson</u>, 525 F.2d 999 (2d Cir. 1975), <u>cert. denied</u>, 424 U.S. 920 (1976); <u>United States v. Lewis</u>, 511 F.2d
13  798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967).

14  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, audio/video
15  recordings, sworn statements, and prosecution reports pertaining to the defendant are available under Fed.
16  R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I). **Preservation of rough notes is**
17  **specifically requested, whether or not the Government deems them discoverable at this time**.

18  (3) <u>Brady Material</u>. Ms. Villaescusa requests all documents, statements, agents' reports, and tangible
19  evidence favorable to the defendant on the issue of guilt and/or that affects the credibility of the
20  Government's case. Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of
21  evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>,
22  427 U.S. 97 (1976).

23  (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. As discussed
24  above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes
25  any cooperation or attempted cooperation by the defendant, as well as any information that could affect any
26  base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included
27  in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's
28  criminal history, or any other application of the Guidelines.

1  (5) <u>The Defendant's Prior Record</u>. Evidence of prior record is discoverable under Fed. R. Crim. P.
2  16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record. Ms. Villaescusa requests
3  all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and
4  information pertaining to any prior arrests and convictions.

5  (6) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R.
6  Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon
7  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
8  general nature . . ." of any evidence the Government proposes to introduce under Fed. R. Evid. 404(b) at
9  trial. Sufficient notice requires the Government to "articulate <u>precisely</u> the evidential hypothesis by which
10 a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689
11 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>,
12 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

13 This includes any "TECS" records (records of prior border crossings) that the Government intends
14 to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. <u>United States v. Vega</u>, 188 F.3d
15 1150, 1154-55 (9th Cir. 1999). Although there is nothing intrinsically improper about prior border
16 crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the Government must
17 produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

18 The defendant requests that such notice be given **at least four weeks before trial** to give the defense
19 time to adequately investigate and prepare for trial.

20 (7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant,
21 is discoverable under Fed. R. Crim. P. 16(a)(1)(c), and Ms. Villaescusa requests it.

22 (8) <u>Tangible Objects</u>. Ms. Villaescusa requests, under Fed. R. Crim. P. 16(a)(1)(c), the opportunity
23 to inspect and copy as well as test, if necessary, all other documents and tangible portions objects, including
24 photographs, books, papers, documents, photographs of buildings or places or copies of thereof which are
25 material to the defense or intended for use in the Government's case-in-chief or were obtained from or
26 belong to the defendant.

27 **Specifically, Ms. Villaescusa requests color copies of all photographs in this case in the**
28 **Government's possession**.

(9) <u>Evidence of Bias or Motive to Lie</u>. Ms. Villaescusa requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(10) <u>Impeachment Evidence</u>. Ms. Villaescusa requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility). All of this is relevant impeachment information.

(11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Ms. Villaescusa requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Ms. Villaescusa requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(13) <u>Witness Addresses</u>. Ms. Villaescusa requests the name and last known address of each prospective Government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(14) <u>Name of Witnesses Favorable to the Defendant</u>. Ms. Villaescusa requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d

288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(15) Statements Relevant to the Defense. Ms. Villaescusa requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts, which will be relevant to Ms. Villaescusa's motions to dismiss the indictment.

(16) Jencks Act Material. Ms. Villaescusa requests all material to which Ms. Villaescusa is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).

(17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Ms. Villaescusa requests all statements and/or promises, expressed or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Ms. Villaescusa requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(19) Henthorn Material. Ms. Villaescusa requests that the prosecutor review the personnel files of the officers involved in her arrests, and those who will testify, and produce to her any exculpatory information at least **two weeks prior to trial and one week prior to the motion hearing**. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). In addition, she requests that if the Government is

1  uncertain whether certain information is to be turned over pursuant to this request, that it produce such
2  information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

3  (20) <u>Informants and Cooperating Witnesses</u>. Ms. Villaescusa requests disclosure of the names and
4  addresses of all informants or cooperating witnesses used or to be used in this case. To the extent that there
5  was any informant, or any other tip leading to a TECS hit in this case the defendant requests disclosure of
6  the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in
7  particular, disclosure of any informant who was a percipient witness in this case or otherwise participated
8  in the crime charged against Ms. Villaescusa. The Government must disclose the informant's identity and
9  location, as well as disclose the existence of any other percipient witness unknown or unknowable to the
10 defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).Ms. Villaescusa also requests disclosure of
11 any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>,
12 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or
13 threats were made to the witness to secure cooperation with the authorities.

14 (21) <u>Expert Witnesses</u>. Ms. Villaescusa requests disclosure of the identities of any expert witnesses
15 the Government intends to call at trial as well as "a written summary of testimony that the Government
16 intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions, and the
17 witnesses' qualifications." Fed. R. Crim. P. 16(a)(1)(E).

18 (22) <u>Personnel Records of Government Officers Involved in the Arrest</u>. Ms. Villaescusa requests
19 all citizen complaints and other related internal affairs documents involving any of the immigration officers
20 or other law enforcement officers who were involved in the investigation, arrest and interrogation of
21 Ms. Villaescusa. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive
22 nature of these documents, defense counsel will be unable to procure them from any other source.

23 (23) <u>Training of Relevant Law Enforcement Officers</u>. Ms. Villaescusa requests copies of all written,
24 videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement
25 agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland
26 Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting
27 contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles;
28 (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of

those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Ms. Villaescusa also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover narcotics in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

(24) <u>Names and Contact Information for All Agents in the Field at the Time of the Arrest</u>. Ms. Villaescusa requests the name and contact information for each of the agents in the field at the time of the arrest. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and contact information of every agent to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(25) <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

(26) <u>TECS Reports</u>. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Ms. Villaescusa.

(27) <u>Opportunity to Weigh, View and Photograph the Contraband</u>. Ms. Villaescusa hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

(28) <u>DEA 7 Form</u>. Ms. Villaescusa requests a copy of the DEA 7 form that should indicate the alleged weight and purity of the contraband in this case.

(29) <u>Narcotics Detector Dog Information.</u> Ms. Villaescusa moves for production of all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's reliability.

(30) <u>Residual Request</u>. Ms. Villaescusa intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Ms. Villaescusa requests that the Government provide her and her attorney with the above requested material sufficiently in advance of trial.

## III.

## THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE

Ms. Villaescusa requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government (or its private contractors) in this case. <u>United States v. Riley</u>, 189 F.3d 802, 806-08 (9th Cir.1999). This request includes, but is not limited to: (1) the vehicle in this case and its parts and all of its contents; (2) the results of any fingerprint analysis; (3) the defendant's personal effects; (4) the agents' rough notes; (5) any radio broadcast, if it is recorded; (6) any evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants); (7) any alleged contraband seized in this case.

It is requested that the prosecutor be ordered to *question* all the agencies, private contractors, and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

## IV.

## MOTION TO RE-WEIGH NARCOTIC EVIDENCE

It is hereby requested that this Court issue an order for the U.S. Government and its agents to permit the defense attorney and her agents to re-weigh the narcotic evidence without the packaging.

**V.**

**MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

Defense counsel has received **0 pages** of discovery in this case. She has not yet had the opportunity to complete important aspects of the investigation. As information comes to light, due to the Government providing additional discovery in response to these motions or an order of this Court, Ms. Villaescusa will almost certainly find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

**VI.**

**CONCLUSION**

For the foregoing reasons, Ms. Villaescusa respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: February 1, 2008

*s/ Kathleen N. Pedro*
**KATHLEEN N. PEDRO**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Villaescsua
Email: Kathleen_Pedro@fd.org